# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSLEH AHMAD SHEHADEH,<br>Plaintiff<br><br>v.<br><br>WILKES-BARRE CITY POLICE DEPARTMENT,<br>Defendant | CIVIL ACTION NO. 3:21-CV-35<br><br>(MEHALCHICK, M.J.) |

## ORDER

Pending before this Court are a number of motions, including three motions filed by Plaintiff – a motion to appoint counsel (Doc. 13), a motion to amend/correct complaint (Doc. 14), and a motion for extension of time until he is released (Doc. 20), and a motion to dismiss filed by Defendant (Doc. 15). The Court will grant and deny those motions as follows:

1. **Motion to Amend/Correct (Doc. 14) and Motion to Dismiss (Doc. 15)**

Plaintiff filed his motion to amend prior to the Defendant filed its motion to dismiss, and Plaintiff is entitled to amendment as a matter of law pursuant to Federal Rule of Procedure 15 (as acknowledged by Defendant in its brief in support of the motion to dismiss). As such, Plaintiff's motion for leave to file an amended complaint is **GRANTED** and Plaintiff shall file an amended complaint within 30 days of this Order, or on or before **July 23, 2021**. Defendant's motion to dismiss is **STRUCK AS MOOT**, without prejudice to Defendant renewing any of the arguments made in the motion in response to the amended complaint.

2. **Motion for Appointment of Counsel (Doc. 13)**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. §

1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.
>
> *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> … we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult

to fault a district court that denies a request for appointment under such circumstances.

*Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

This court's duty to construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. Plaintiff's motion for appointment of counsel is **DENIED**; should future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

3. **Motion for Extension of Time (Doc. 20)**

Finally, Plaintiff seeks an extension of time until he is released. He sought this extension on May 6, 2021, indicating he was to be released on or about May 13, 2021. However, on June 14, 2021, the Court received a letter from Plaintiff indicating that he still had not been release (Doc. 23); a review of the Department of Corrections inmate locator (http://inmatelocator.cor.pa.gov) indicates that Plaintiff is still located at SCI-Benner. The 30 days granted to Plaintiff to file an amended complaint from today's date extends Plaintiff's request slightly beyond the 60 he originally requested; further, there is no basis at this juncture to stay this matter indefinitely pending Plaintiff's release. If Plaintiff is released, he is reminded that it is his obligation to update his address on the record with the Court. Given the additional time granted to Plaintiff to file an amended complaint, and the lack of certainty as to a release date at this juncture, Plaintiff's motion for extension of time is **DENIED,** without prejudice to him moving the Court for additional time if necessary.

Dated: June 23, 2021                                    *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **Chief United States Magistrate Judge**