UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSLEH AHMAD SHEHADEH,<br><br>    Plaintiff,<br><br>    v.<br><br>WILKES-BARRE CITY POLICE DEPARTMENT,<br><br>    Defendant. | CIVIL ACTION NO. 3:21-CV-00035<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

This is a *pro se* civil rights action, initiated upon the filing of the complaint in this matter on January 8, 2021, by Plaintiff Mosleh Ahmad Shehadeh ("Shehadeh") alleging claims against the Wilkes-Barre City Police Department ("Defendant"). (Doc. 1, at 2). For the reasons provided herein, Shehadeh's complaint shall be DISMISSED. (Doc. 1).

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2021, Shehadeh filed a complaint, along with a motion to proceed *in forma pauperis*.[1] (Doc. 1; Doc. 2). At the time he filed his complaint, Shehadeh was incarcerated at the State Correctional Institution at Benner Township ("SCI-Benner Twp") in Centre County, Pennsylvania.[2] (Doc. 1, at 2). Shehadeh asserts claims under 42 U.S.C. 1983

---

[1] The Court granted Shehadeh's motion to proceed *in forma pauperis* on March 16, 2021. (Doc. 6).

[2] On March 12, 2021, Shehadeh filed a motion for extension of time indicating that he would soon be released from SCI-Benner Twp and that he would inform the Court upon his release. (Doc. 20, at 1). However, Shehadeh did not inform the Court of his release nor did he provide the Court with an updated address upon release. A review of the Department of Corrections inmate locator (http://inmatelocator.cor.pa.gov) indicates that Shehadeh was

against Defendant for civil rights violations, use of excessive force by law enforcement, and police brutality. (Doc. 1, at 6). In his complaint, Shehadeh outlines two incidents wherein he was assaulted by Defendant. (Doc. 1, at 4-5). First, on March 26, 2019, Shehadeh was in an accident with a Wilkes-Barre City Police Department vehicle. (Doc. 1, at 4). After the accident, Shehadeh was beaten by Wilkes-Barre police officers and was eventually rendered unresponsive and transported to the hospital. (Doc. 1, at 4). Second, on July 31, 2019, Shehadeh was arrested by a Wilkes-Barre police officer and was slammed to the ground and assaulted. (Doc. 1, at 5). Shehadeh also believes that the "charges were dropped [against him] . . . on August 5, 2019." (Doc. 1, at 5). As relief, Shehadeh seeks monetary damages, injunctive relief, and an order requiring "[D]efedan[t] to stop harassing minorities and to stop using excessive force against anyone who is on the ground in handcuffs and against anyone who is not resisting arrest." (Doc. 1, at 6).

On April 19, 2021, Shehadeh filed a motion to amend/correct his complaint. (Doc. 14). Defendant filed a motion to dismiss on April 22, 2021. (Doc. 15). Shehadeh filed a motion for extension of time on May 12, 2021, seeking an extension of 60 days as he believed he would soon be placed on parole. (Doc. 20, at 1). On June 23, 2021, the Court granted Shehadeh's motion to amend; directed him to file an amended complaint on or before July 23, 2021; found that Defendant's motion to dismiss was moot; and denied his motion for extension of time as he had yet to be released and had already been granted additional time to file an amended complaint. (Doc. 24, at 1-3). The Court reminded Shehadeh that it is his obligation to update his address on the record with the Court upon his release. (Doc. 24, at 3

---

released on parole on June 25, 2021. As of the date of this Memorandum and Order, Shehadeh has failed to provide the Court with an updated address.

On July 6, 2021, the Court's June 23, 2021, Order was returned as undeliverable (PAROLED). (Doc. 25). On December 7, 2021, the Court noted that Shehadeh had failed to file an amended complaint and ordered him to provide an updated address within 21 days of the Order on or before December 28, 2021. (Doc. 26, at 1). The Court cautioned Shehadeh that unless good cause was shown, his action may be dismissed. (Doc. 26, at 1). On December 20, 2021, the Court's December 7, 2021, Order was returned as undeliverable and noted that Shehadeh had been paroled on June 25, 2021. (Doc. 27, at 1). The time for demonstrating good cause and for filing an amended complaint has passed.

## II. Discussion

Shehadeh has failed to timely file an amended complaint in accordance with the June 23, 2021, Order. (Doc. 24). Additionally, Shehadeh has failed to provide the Court with an updated address. Shehadeh's failure to comply with the Court's Orders "makes adjudication of the case impossible." See *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007); see also *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint); *Figueroa v. U.S.*, No. 1:13-cv-230, 2013 WL 4813369, at *2, *7 (M.D. Pa. Sept. 9, 2013) (dismissing a *pro se* plaintiff's complaint for failure to maintain an address with the court).

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an

inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors"

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't,* 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

### B. POULIS FACTOR ANALYSIS

#### 1. Plaintiff's Personal Responsibility

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Shehadeh. Because Shehadeh is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Shehadeh has failed to abide by court orders and neglected to litigate this case. Specifically, Shehadeh failed to file an amended complaint despite being directed to do so by the Court. (Doc. 24, at 1). Additionally, Shehadeh was specifically warned that his failure to provide an updated address to the Court may result in the dismissal of this action. (Doc. 26, at 1). As of the date of this Memorandum, Shehadeh has failed to comply with either directive. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

#### 2. Prejudice to the Moving Party

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218,

222 (3d Cir. 2003). Here, the Court finds that Shehadeh's failure to file a complete amended complaint has delayed Defendant's efforts to obtain a timely resolution of this action and inhibited its ability to present a valid defense for this case. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Here, Shehadeh has not only failed to file an amended complaint as directed, but has also failed to inform the Court of his current address. Shehadeh has not communicated with the Court since his letter requesting the status of the case on June 21, 2021. (Doc. 23). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. *See Johnson v. Garman*, No. 1:17-cv-00853, 2018 WL 1783169, at *2 (M.D. Pa. Apr. 13, 2018). Shehadeh's failure to provide the Court with an updated address as required in the December 7, 2021, Order, coupled with his failure to file an amended complaint in accordance with the Court's June 23, 2021, Order, even after he was cautioned that his case may be dismissed should he not comply, indicates an intent not to continue with this litigation. *See Pozoic v. Cumberland*

*Cty. Prison*, No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); *Bush v. Lackawanna Cty. Prison*, No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017); *see also Johnson*, 2018 WL 1783169, at *2. Accordingly, Shehadeh's actions demonstrate a pattern of dilatory conduct that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth *Poulis* factor requires the Court to consider whether Shehadeh's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, Shehadeh's failure to abide by multiple Orders by the Court "demonstrate[s] a willful disregard for procedural rules and court directives." *Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth *Poulis* factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Shehadeh], is proceeding *pro se*." *See Lopez*, 435 F. App' x at 116; *Emerson*, 296 F.3d at 191 (per curium); *Nowland v. Lucas*, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Shehadeh's status as a *pro se* litigant prevents this Court from sanctioning him or utilizing lesser alternative sanctions. Furthermore, Shehadeh's

failure to provide the Court with an updated address precludes him from receiving notice of those sanctions even if they could be imposed on him. Indeed, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions [will] only find itself taking a round trip tour through the United States mail," as has already occurred with the Court's issuance of an order directing Shehadeh to file an amended complaint and an order requiring Shehadeh to update his address. *McLaren v. New Jersey Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)); (*see* Doc. 24; Doc. 25; Doc. 26; Doc. 27). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor enjoins the Court to consider the meritoriousness of Shehadeh's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70).

In conducting its 28 U.S.C. § 1915 screening of the complaint, the Court identified that several of Shehadeh's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Shehadeh. As these claims were tested by the Rule 12(b)(6) motion to dismiss standard and survived, under the *Poulis* analysis, Shehadeh's claims are deemed to have merit. As a consequence, they must be considered meritorious. *Cooper v. Atl. Cty. Justice Facility*, No. CV 15–575 (JBS–JS), 2016 WL 155039, at *3 (D.N.J. Jan. 12, 2016); *see also Brown v. Smith,* No. 20-8463, 2021 WL 2390077, at *3 (D.N.J. June 11, 2021). Accordingly, the sixth *Poulis* factor does not weigh in favor of dismissal.

### 7. Balancing the *Poulis* factors

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek,* 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution, as the only factor weighing against dismissal is that Shehadeh has a remaining meritorious claim. As it is apparent to the Court that Shehadeh has made no effort to prosecute his case as evidenced by his failure to provide the Court with an updated address upon his release from prison and his failure to file an amended complaint, Shehadeh's complaint shall be dismissed for failure to prosecute. *See Johnson*, 2018 WL 1783169, at *3.

### III. CONCLUSION

Based on the foregoing, Shehadeh's complaint is **DISMISSED** for failure to prosecute. (Doc. 1). The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: August 29, 2022**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**